UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL ARDEN JONES,

     Petitioner,

    -against-

SHARLISA WALKER, of RNDC; "JOHN"
CARTER, of RNDC,

     Respondents.

22-CV-0993 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently detained on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging his ongoing proceedings in the Bronx County Criminal Court. By order dated March 1, 2022, the Court granted Petitioner's request to proceed *in forma pauperis* (IFP). The Court denies the petition for the reasons set forth below.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from

compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477

(quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner brings this *habeas corpus* action under Section 2241, alleging that he is being

illegally detained. He brings this petition seeking to have this Court issue an order directing

Respondents to "release [him] from DOC/State custody," and to "allow [him] a full physical by

the U.S. Sergeon [sic] General with order to practice healing medicine." (ECF No. 2 at 8.)

According to records maintained by the New York City Department of Correction,

Petitioner was arrested on September 14, 2021. He was charged with criminal mischief in the

third degree (No. CR-13907-21BX) and attempted murder in the second degree (No. CR-

013906-21BX), and he is currently detained on those pending charges.[1]

## DISCUSSION

### A.     Ongoing Proceedings

Because the relief that Petitioner seeks would require the Court to intervene in his

pending state-court proceedings, the Court must deny the petition. In *Younger v. Harris*, 401

U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a

pending state court criminal proceeding in the absence of special circumstances suggesting bad

faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v.

Morgenthau*, 378 F. App'x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-

74 (1973)). Federal courts generally abstain from intervening in state criminal proceedings

"'under the principle known as comity [because] a federal district court has no power to

---

[1] *See* https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf.

intervene in the internal procedures of the state courts.'" *Kaufman v. Kaye,* 466 F.3d 83, 86 (2d

Cir. 2006) (quoting *Wallace v. Kern*, 481 F.2d 621, 622 (2d Cir. 1973)).

In the context of challenges to bail proceedings, "'interference with the state criminal

process in both pending and future bail proceedings,' . . . violate[s] [the] principles of comity set

forth in *Younger*." *Id.* (quoting *Wallace v. Kern*, 520 F.2d 400, 403 (2d Cir. 1975)); *see also*

*Jordan v. Bailey*, 570 Fed. App'x 42, 44 (2d Cir. 2014) (in context of a *habeas corpus*

proceeding, finding that 52-month pretrial incarceration did not constitute an "extraordinary

circumstance" warranting federal intervention, but that continued detention without trial may

violate due process).

Petitioner, who has been detained since his September 14, 2021, arrest, does not allege

any facts suggesting bad faith, harassment, or irreparable injury. Rather, he simply disagrees

with the trial court's decisions in his criminal proceedings. The Court therefore finds no proper

basis for intervention in Petitioner's ongoing criminal proceedings.

**B.      Relief Under Section 2241 and Exhaustion of Administrative Remedies**

Some district courts have held that a state pretrial detainee may challenge the

constitutionality of his detention in a petition for a writ of *habeas corpus* under 28 U.S.C.

§ 2241.[2] *See, e.g.*, *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y.

May 29, 2012) (collecting cases). But before seeking *habeas corpus* relief under Section 2241, a

state pretrial detainee must first exhaust available state-court remedies. *See United States ex rel.*

*Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own

---

[2] Where a pretrial detainee challenges his custody in a *habeas corpus* petition brought
under § 2241, courts have applied the *Younger* doctrine and declined to intervene in the state
court proceeding. *See, e.g.*, *Jordan v. Bailey*, 570 Fed. App'x at 44 (applying *Younger*, but noting
that "the length of pretrial incarceration [52 months] is highly troubling and, on its face, raises
substantial questions").

terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas*

relief, decisional law has superimposed such a requirement in order to accommodate principles

of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in

the state courts and, if necessary, appealing to the New York Court of Appeals, the State of New

York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.* This petition does not suggest that

Petitioner has exhausted his administrative remedies. Thus, even if Petitioner could show bad

faith, harassment, or irreparable injury, he first must exhaust his state-court remedies before

seeking federal *habeas corpus* relief.

**C.      Leave to Amend Denied**

District courts generally grant a *pro se* petitioner an opportunity to amend a pleading to

cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in this petition cannot be cured with an amendment, the Court declines to

grant Petitioner leave to amend his petition.

**CONCLUSION**

This petition, filed IFP under 28 U.S.C. § 1915(a)(1), is denied as barred by the *Younger*

doctrine. Because Petitioner makes no substantial showing of a denial of a constitutional right, a

certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service

on the docket.

SO ORDERED.

Dated:   March 3, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
