UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL ARDEN JONES,

                              Petitioner,

                 -against-

SHARLISA WALKER, of RNDC; "JOHN"
CARTER, of RNDC,

                            Respondents.

22-CV-0993 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner filed this action *pro se*. On March 3, 2022, the Court denied the petition as barred by the *Younger* doctrine. On November 14, 2022, Petitioner filed a letter requesting permission to "amend Defendants," ECF No. 6, and a motion for an "order to release from custody," ECF No. 7, challenging the March 3, 2022, dismissal order.

The Court liberally construes this submission as a motion for reconsideration under Local Civil Rule 6.3, a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b) *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Petitioner's submissions, the Court denies the motion.

**DISCUSSION**

**A.      Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)**

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must

demonstrate that the Court overlooked "controlling law or factual matters" that had been

previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009).

"Such motions must be narrowly construed and strictly applied in order to discourage litigants

from making repetitive arguments on issues that have been thoroughly considered by the court."

*Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see*

*also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009)

("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision

as the opening of a dialogue in which that party may then use such a motion to advance new

theories or adduce new evidence in response to the court's ruling.'") (internal quotation and

citations omitted).

A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the

entry of the judgment." *Id.*

Petitioner failed to file this motion within 28 days of the entry of judgment. The Court

therefore denies Petitioner's motion under Fed. R. Civ. P. 59(e).

**B.      Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same.

*R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3

and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil

Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that

had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

Petitioner failed to file this motion within 14 days of the entry of judgment. The Court therefore denies Petitioner's motion under Local Civil Rule 6.3.

**C.      Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Petitioner's arguments, and even under a liberal interpretation of his motion, Petitioner has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Petitioner seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the

3

residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Petitioner has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Petitioner's motion for reconsideration (ECF Nos. 6, 7) is denied.

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Petitioner files other documents that are frivolous or meritless, the Court will direct Petitioner to show cause why Petitioner should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    November 17, 2022
          New York, New York

             /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge